

# NUMBER 13-24-00333-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI − EDINBURG

GERARDO ALBERTO
CASTILLO COBOS,                                          Appellant,

v.

TRES MUNDOS
INVESTMENTS, LLC,                                        Appellee.

## ON APPEAL FROM THE 476TH DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Benavides**

This cause is before the Court on appellant's motion for extension of time file notice

of appeal. This cause is also before the Court on appellant's recent correspondence from

appellant entitled "Notice of Appeal" which is construed as an amended notice of appeal.

On June 24, 2024, appellant filed his original notice, attempting to appeal the trial court's May 7, 2024 judgment. On July 22, 2024, appellant filed the motion now before the Court, and on July 30, 2024, appellant filed his amended notice of appeal.

Appellant's motion for extension of time to file a notice of appeal was filed more than fifteen days after the deadline for filing the notice of appeal and was thus untimely. *See* TEX. R. APP. P. 26.3. We are to construe the rules of appellate procedure reasonably and liberally so that the right to appeal is not lost by imposing requirements not absolutely necessary to effectuate the purpose of a rule. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997). Nevertheless, we are prohibited from enlarging the scope of our jurisdiction by enlarging the time for perfecting an appeal in a civil case in a manner not provided for by rule. *See* TEX. R. APP. P. 2; *In re T.W.*, 89 S.W.3d 641, 642 (Tex. App.–Amarillo 2002, no pet.).

Appellant's notice of appeal was untimely, and appellant's motion for extension of time to file the notice of appeal was also untimely; therefore, we lack jurisdiction over the appeal. *See* TEX. R. APP. P. 26.1, 26.3; *Mitschke v. Borromeo*, 645 S.W.3d 251, 260 (Tex. 2022) ("[T]he lack of a timely notice of appeal is the most fundamental procedural error that can lead to a total loss—and that is because the absence of a timely notice of appeal prevents the appellate court from ever exercising jurisdiction in the first place." (emphasis omitted)). Furthermore, appellant's amended notice of appeal is late

and does not otherwise cure the defect. Accordingly, we dismiss both the motion and the

appeal for want of jurisdiction.

GINA M. BENAVIDES
Justice

Delivered and filed on the
8th day of August, 2024.